IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL MAURICE GWALTNEY-BEY   *

Plaintiff   *

v   *   Civil Action No. PJM-09-515

JAMES P. O'NEILL, *et al.*   *

Defendant   *

  ***

## MEMORANDUM

Pending is Defendant's Motion for Summary Judgment. Paper No. 18. Plaintiff has opposed the motion. Paper No. 22. In addition, Plaintiff has filed a motion styled as a Dispositive Motion. Paper No. 20. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2008).

### Background

This case concerns Plaintiff's allegations that he was not provided with proper medical treatment for his HIV infection resulting in complications in the form of psoriatic arthritis. Paper No. 1 and 20. Defendant's initial response to the Complaint indicated that medical staff at the Baltimore County Detention Center were treating Plaintiff's psoriasis and providing him with pain medication for his immediate medical problems. In addition, Defendant indicated that Plaintiff would begin taking Highly Active Anti-Retro Viral Therapy (HAART) medicines for HIV on June 1, 2009. Paper No. 14. This court issued a scheduling Order and directed that Plaintiff show cause why his Complaint, which sought only injunctive relief, should not be dismissed as moot. Paper No. 16.

Defendant's Motion for Summary Judgment includes medical records indicating that

Plaintiff is receiving HAART. Plaintiff does not dispute that fact.[1] In addition, an affidavit submitted by Dr. Lane, a medical doctor assigned employed to treat inmates at the detention center, stating that everything that can be done for Plaintiff's painful and uncomfortable condition is being done. Paper No. 18. Defendant asserts that the discomfort that persists is not due to indifference, rather it is due to the limitations of medical intervention itself combined with the discomforts inherent in a jail. *Id.*

## Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all

---

[1] Plaintiff now seeks monetary damages based on Defendant's denial of HAART for six months which he asserts has complicated his medical condition. Paper No. 19.

reasonable inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotations omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

In order to state a constitutional claim for denial of medical care a prisoner must demonstrate that the defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

Absent a showing that correctional staff interfered with providing Plaintiff with required medical care, correctional staff such as Defendant are not liable for the failure to provide medical care. Plaintiff's allegations against Defendant are based solely upon vicarious liability, otherwise known as the doctrine of *respondeat superior*. Plaintiff attributes liability to Conmed, the corporate entity contracted to provide medical care for Baltimore County inmates, and to Defendant based solely on his role as the warden. The doctrine of *respondeat superior* generally does not apply in Section 1983 claims.[2] *Monell v. Department of Social Services of City of New York* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). The Court's inquiry does not end there.[3] The Court must construe the complaint as having been filed against appropriate medical personnel to determine if there is a cognizable claim.

It is clear that Plaintiff's claim for injunctive relief is now moot because he is receiving the treatment regimen known as HAART. To the extent he still suffers from a painful condition, it does not appear that his pain and discomfort are due to a lack of appropriate medical care. *See* Paper No. 18 at Ex. 1—3. The injunctive relief sought, HAART therapy, is being provided.

Plaintiff amended his claim to include monetary damages based on his allegation that the delay in providing the HAART therapy has worsened his condition and caused his current psoriatic infection. It is undisputed that Plaintiff was not receiving HAART therapy prior to his

---

[2] To the extent Plaintiff seeks to assert a state law claim, his claim will be dismissed without prejudice.

[3] Under the law of this Circuit, the Court must liberally construed the complaint to address the underlying Eighth Amendment issue presented therein. *See Haines v. Kerner*, 404 U.S. 519 (1972).

incarceration. This was not a situation where treatment was interrupted by Plaintiff's incarceration or a refusal by medical staff to continue an already established treatment regimen. Any delay in providing Plaintiff with his chosen course of treatment was caused by a medical decision to treat his serious skin condition first. Paper No. 18 at Ex. 3. The delay in this case is not evidence of a callous disregard for Plaintiff's serious medical condition. Accordingly, Defendant is entitled to summary judgment in his favor.

     A separate Order follows.

                                                   /s/  
                                      PETER J. MESSITTE  
                         UNITED STATES DISTRICT JUDGE